UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN P. SCHOEMEHL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-1556 CAS |
| ) | |
| ALL-TECH SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on attorney Charles H. Morgan and the Lowenbaum Partnership, L.L.C.'s motion for the imposition of a withdrawal notice period. For the following reasons, the Court will grant the motion.

**I. Background**

Plaintiffs filed this ERISA and LMRA action against defendant All-Tech Security, Inc ("All-Tech") for contributions due to employee pension and welfare funds and plans and to require defendant to post a surety bond or irrevocable bank letter of credit. On December 11, 2006, the Court granted defendant's first motion for extension of time to respond to the complaint. The Court granted defendant's second motion for extension of time on December 21, 2006. On January 8, 2007 defendant filed its answer to the complaint.

On March 21, 2007, counsel for defendant filed a motion to withdraw from its representation. The Court denied that motion without prejudice on March 27, 2007. Defense counsel filed the instant motion on May 15, 2007, asserting that their client, All-Tech, has failed to pay attorney's fees since October 2003. In an affidavit in support of the motion, attorney Charles H. Morgan asserts that he agreed to represent All-Tech in this matter for an hourly rate and any legal expenses. Morgan asserts that the firm has directed correspondence to All-Tech regarding the non-payment of attorney's fees

and costs, and the correspondence has gone unanswered. In addition, Morgan avers that despite repeated efforts to do so, he has not spoken to Angie Cassidy, the President of All-Tech, since December 20, 2006. Further, Morgan asserts that All-Tech's failure to pay has caused undue hardship for him and his law firm.

**II. Discussion**

Generally, this Court will not allow counsel to withdraw unless substitute counsel enters an appearance for the client. This general rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). This Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended by that Court. E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct adopted by the State of Missouri, a lawyer may withdraw from representation of a client if the withdrawal can be accomplished without material adverse effect on the interests of the client or if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Rules of Professional Conduct 4-1.16(b). "When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." R. Prof. Conduct 4-1.16(c).

In this action, the Court finds that All-Tech has not paid its attorney's fees, in violation of its fee agreement with counsel. Defense counsel has repeatedly asked to be paid and informed All-Tech that he would seek leave to withdraw if payment was not received. There is no reason to believe that All-Tech will obtain substitute counsel or pay its attorney's fees if the Court denies defense counsel's motion to withdraw. A Case Management Order was issued on April 9, 2007, and this case is set for

trial on February 11, 2008. Defense counsel has already incurred expenses and there would be additional expenses incurred in attempting to conduct discovery and at trial.

> It simply expects too much of counsel to expend the additional energy necessary to go to trial, and to front necessary expenses, without any real assurance that he will be paid for any of it, especially where he already is owed a substantial sum and the client has violated the written fee agreement.

Rivera-Domenech v. Calvesbert Law Offices PSC, 402 F.3d 246, 249 (1st Cir. 2005) (citing Lieberman v. Polytop Corp., 2 F. App'x. 37, 39-40 (1st Cir. 2001) (unpublished) (per curiam)). "Litigants have no right to free legal aid" and corporations do not have the benefit of proceeding in forma pauperis. Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co., 310 F.3d 537, 540 (7th Cir. 2002) (citing Rowland, 506 U.S. at 196) (only a natural person may qualify for treatment in forma paupers under 28 U.S.C. § 1915)). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to retain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

### III. Conclusion

In light of the foregoing, the Court will grant defense counsel's motion for imposition of withdrawal notice period and order All-Tech to find substitute counsel no later than June 18, 2007. If All-Tech fails to obtain substitute counsel within that time, All-Tech may be subject to a default judgment in favor of plaintiff. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (defendant was technically in default on date

court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's request to withdraw from representation of defendant will be granted when substitute counsel enters an appearance or on June 18, 2007, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel's motion for the imposition of a withdrawal notice period is **GRANTED**. [Doc. 18]

**IT IS FURTHER ORDERED** that defendant All-Tech Security, Inc. shall obtain substitute counsel no later than June 18, 2007.

**IT IS FURTHER ORDERED** that defendant's substitute counsel shall file an entry of appearance no later than June 18, 2007.

**IT IS FURTHER ORDERED** that defense counsel shall provide a certified copy of this order to the registered agent for All-Tech Security, Inc and file a certification with the Court that this has been done within ten (10) days of the date of this order.

**IT IS FURTHER ORDERED** that on June 18, 2007, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the request of attorney Charles H. Morgan and the Lowenbaum Partnership, L.L.C, to withdraw from their representation of defendant.

**No extensions of time will be granted with respect to this order.**

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of May, 2007.