UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN P. SCHOEMEHL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:06-CV-1556 CAS |
| ) | |
| ALL-TECH SECURITY, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to strike defendant's pleadings. [Doc. 28] For the following reasons, the Court will grant plaintiffs' motion to strike.

*I. Background*

Plaintiffs filed this action against defendant All-Tech Security, Inc. ("All-Tech") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs allege All-Tech failed to make proper contributions to various employee pension and welfare funds and plans maintained for the benefit of its eligible bargaining unit employees.

On March 21, 2007, counsel for defendant filed a motion to withdraw from representation. [Doc. 10] The Court denied the motion without prejudice on March 27, 2007. [Doc. 13] On May 15, 2007, defense counsel filed a motion asking the Court for the imposition of a withdrawal period of thirty days so that All-Tech could find replacement counsel. [Doc. 18] In support of his motion, defense counsel filed an affidavit asserting that he and his firm had not been paid since October 2003, and that correspondence sent to All-Tech had gone unanswered. Defense counsel also stated his

phone calls to All-Tech were not returned, and that it had been months since he spoken with his client.

On May 17, 2007, the Court granted defense counsel's motion for a withdrawal period, and ordered defendant All-Tech to obtain substitute counsel no later than June 18, 2007. [Doc. 19] Defense counsel certified he mailed a copy of the Court's May 17, 2007 Order to All-Tech on May 18, 2007, and to All-Tech's registered agent on May 25, 2007. All-Tech, however, did not respond to the Court's order. Substitute counsel did not enter an appearance on behalf of All-Tech, and there is no indication whatsoever whether All-Tech has indeed retained new counsel. Therefore, on June 25, 2007, the Court granted defense counsel's motion to withdraw as counsel. [Doc. 25] In response to the Court's order, plaintiffs filed a motion to strike defendant's pleadings. [Doc. 28]

## *II. Discussion*

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2005). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Woods v. K.C. Masterpiece, 2006 WL 1875524, at *1 (E.D. Mo. June 30, 2006). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court

2

grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Based on the foregoing, the Court will strike defendant's answer. Despite given proper notice, defendant All-Tech has not responded to the Court's May 17, 2007 Order. All-Tech has failed to obtain substitute counsel in this matter, and there is no indication defendant will comply with the Court's order in the future.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to strike defendant's answer is **GRANTED**. [Doc. 28]

**IT IS FURTHER ORDERED** that the answer of defendant All-Tech Security, Inc is **STRICKEN** from the record. [Doc. 8]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   2nd   day of July, 2007.